UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MUHAMMED TILLISY,

        Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. 3:18-cv-05695-RJB-JRC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Muhammed Tillisy, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). Having reviewed and screened plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds that plaintiff has failed to state a claim, but provides plaintiff leave to file an amended pleading by November 9, 2018, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff filed this action in August of 2018. Dkt. 1. After receiving a letter from the Clerk explaining his application to proceed *in forma pauperis* was deficient, Dkt. 2, plaintiff filed a

new motion for leave to proceed *in forma pauperis*, Dkt. 4, which the Court granted, Dkt. 7. Plaintiff's complaint contains four allegations. Dkt. 8. He argues that defendants violated his Eighth Amendment protections and Fourteenth Amendment protections because he has vision and hearing impairments, and defendants failed to provide him with hearing aids and other accommodations. *Id*. He also argues that, when he raised concerns because he was being denied accommodations, defendants retaliated by placing him in the intensive management unit ("IMU") and transferring him between prison facilities. *Id*. He states that he complained of his lack of accommodations both to defendant Bovenkamp and defendant Gaspar, but that neither of them remedied the situation. *Id*. Plaintiff also argues he is entitled to recovery pursuant to Title II of the ADA for Defendants' failure to accommodate his disabilities. *Id*. Included with his complaint, plaintiff has also provided an attachment with additional factual allegations in support of his complaint. *See Id*., p. 16.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

## I. Section 1983 Claims

Plaintiff has included claims of constitutional violations pursuant to 42 U.S.C. § 1983. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff must then allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

### A. Retaliation

To prevail on a retaliation claim under § 1983, a plaintiff must first allege that the retaliated-against conduct is protected. *Id.* Second, plaintiff must claim that a defendant took an adverse action against plaintiff, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but the adverse action does not need to be an independent constitutional violation, *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Brodheim*, 584 F.3d at 1269; *Rhodes*, 408 F.3d at 567. Fourth, the plaintiff must allege that the defendant's actions chilled the plaintiff's exercise of his protected rights. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Finally, plaintiff must allege that "the action did not reasonably advance a legitimate correctional goal." *Brodheim*, 584 F.3d at 1269. "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were 'unnecessary to the maintenance of order in the institution.'" *Watison*, 668 F.3d at 1114-15 (internal citation

omitted) (quoting *Franklin v. Murphy,* 745 F.2d 1221, 1230 (9th Cir. 1984)). Further, a regulation or application of a regulation reasonably advances a legitimate penological interest if there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it.'" *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The Court also considers whether there is a "more likely" explanation for allegedly unlawful conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Here, plaintiff alleges that he was retaliated against when he complained that he was not receiving accommodations for his disabilities. Dkt. 8, p. 12. He argues that he requested accommodations, and, rather than providing the accommodations, that he was placed in the IMU. *Id*. However, plaintiff has failed to adequately allege that his transfer to the IMU was because of him engaging in protected conduct. Plaintiff has failed to state who transferred him to the IMU, or otherwise indicate that the transfer to the IMU was caused by his request for accommodations. Rather, he makes a bare allegation that he was placed in the IMU "with false infractions" after he requested accommodations. *Id*. He also states he was placed in the IMU "for dis[ci]plenary reasons," but does not explain why those disciplinary reasons were illegitimate. *Id*., p. 16. Without additional factual allegations indicating that plaintiff was placed in the IMU *because* he was engaging in some protected conduct, plaintiff has not stated a claim for retaliation. Thus, plaintiff has not yet stated a claim for which relief may be granted, and the Court declines to serve plaintiff's complaint insofar as he alleges that defendants retaliated against him.

B. Conditions of Confinement

Read liberally, plaintiff may also allege that defendants acted with deliberate indifference when they denied him accommodations for his disability. To state a claim for unconstitutional

conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,* 511 U.S. at 834); *see Estate of Ford v. Ramirez—Palmer,* 301 F.3d 1043, 1049–50 (9th Cir .2002). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert. denied,* 532 U.S. 1065 (2001).

To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In prison-conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). A prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837.

Plaintiff alleges that he notified Defendants Bovenkamp and Gaspar of his disabilities and need for accommodation, but that they both ignored his complaints. Dkt. 8, p. 14. He also argues that both he and his family contacted defendants, stating that he needed to be transferred to a different facility with the capacity to accommodate his disabilities, but that defendants ignored his request and continued to keep him in facilities that could not accommodate his disabilities. *Id.*, pp. 17-18. Though plaintiff may state a claim as to accommodations for his hearing and eyesight, plaintiff has again failed to demonstrate how defendants acted with deliberate indifference as to denial of his sweatpants and his medical mattress. Plaintiff has not alleged any facts that would indicate defendants knew of, yet disregarded, plaintiff's need for a

mattress or sweatpants. He also has not shown that either of those accommodations were to address a serious medical need. Thus, plaintiff has not yet stated a claim for which relief may be granted insofar as he alleges defendants denied him a mattress and sweatpants, and the Court declines to serve plaintiff's complaint as to those claims.

C. Personal Participation

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Though plaintiff alleges personal participation as to many of his Defendants, he has also included broader allegations where he does not specify the actor who allegedly harmed him. For example, though he states that he notified "Risa Kremme" that he required accommodations for his disability, he also generally stated he "was placed" in housing with no disability accommodations – he does not allege who transferred him, or why they did so. *See* Dkt. 8, p. 12. He generally alleges that "CBCC staff" moved plaintiff between housing units, and that he "was denied" accommodations, without explaining who denied the accommodations or what the specific accommodations were. Thus, plaintiff has failed to state a claim for which relief may be granted as to the personal participation of several defendants and the Court declines to serve plaintiff's complaint as to those claims.

## II. ADA Violations

Plaintiff claims he can recover directly under the ADA for defendants' unlawful failure to accommodate his disabilities. "To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); 42 U.S.C. § 12132.

Here, plaintiff argues that he was denied hearing and visual aids, as well as sweatpants and a medical mattress, in violation of the ADA. Dkt. 8, pp. 14, 16. He has adequately alleged that he has visual and hearing impairments that qualify him as an individual with a disability under the ADA. *Id.*, p. 16. He has also adequately alleged that he was denied services related to his hearing and vision impairments. *Id*. However, plaintiff has not alleged that he was otherwise qualified to receive the benefit of some of the other services he was denied.

Plaintiff argues he was denied a medical mattress and sweatpants. *Id.*, p. 14. However, aside from indicating plaintiff has had surgery that left him "with a plate in his head after brain surgery," *Id*, p. 13, he has not indicated why he requires a medical mattress or sweatpants, and further has not indicated that he is otherwise qualified to receive those services. As noted above, plaintiff must not only show that he is impaired and that he was denied services, but also that he is otherwise entitled to those services he was denied. Thus, plaintiff has not yet alleged a claim

for which relief may be granted pursuant to Title II of the ADA as to the medical mattress and sweatpants, and the Court declines to serve plaintiff's complaint insofar as he alleges a violation of the ADA.

**III.     Short and Plain Statement**

Finally, the Court had difficulty discerning plaintiff's allegations in his complaint. Though he enumerated several claims in his complaint, Dkt. 8, pp. 12-14, he also included a series of additional allegations, ranging from denial of accommodations to retaliation, in an attached document entitled "attachment B," *Id.*, pp. 16-21.

When plaintiff files his amended complaint, he should include a short and plain statement, describing his alleged constitutional violations, who allegedly committed those violations, and how plaintiff was harmed. Though he may include exhibits or affidavits, such attachments are unnecessary for the Court to screen and serve plaintiff's complaint at this time.

**IV.     Instructions to Plaintiff and Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to continue pursuing a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a *short, plain statement* telling the Court: (1) the constitutional or federal right plaintiff believes was violated; (2) the name of the person or persons who violated the right; (3) *exactly what the individual did or failed to do*; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional or federal rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

In addition, if plaintiff wishes to pursue a claim pursuant to Title II of the ADA, plaintiff should show: (1) that he is an individual with a disability; (2) that he is being denied the benefit

of a service offered by a public entity; (3) *that he is otherwise qualified to receive the benefit of that service*; and (4) that the denial of the service was by reason of plaintiff's disability. *Thompson*, 295 F.3d at 895.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint will be waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before November 9, 2018**, the undersigned will recommend dismissal of this action without prejudice, meaning plaintiff may file it again at a later date.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 4th day of October, 2018.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge