UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MUHAMMED TILLISY,

            Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et al.,

            Defendants.

CASE NO. 3:18-cv-05695-RJB-JRC

ORDER DENYING MOTION FOR APPOINTMENT COUNSEL

    The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. Currently pending in this action is plaintiff Muhammed Tillisy's motion for appointment of counsel. Dkt. 9.

    Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for

indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, plaintiff has failed to show the exceptional circumstances necessary to warrant appointment of counsel. Plaintiff has only stated that he has tried to obtain pro bono counsel from several law firms – but the inability to retain counsel is not relevant to whether the court will appoint counsel in this case. Dkt. 9. In addition, the Court is still awaiting plaintiff's amended complaint. *See* Dkt. 11. In the Court's order to show cause or amend, the Court noted that, although plaintiff had failed to state a claim as to some of his allegations, he had also successfully stated a claim as to others. *Id*. Indeed, the deficiencies the Court identified in plaintiff's original complaint are easily remedied and the Court is confident that plaintiff will be able to adequately articulate his claims in his amended complaint. Further, it is still extremely early in the case. Plaintiff has not yet filed an amended complaint and the defendants have not yet been served. *See* Dkt. Because it is so early in the case, the Court cannot yet determine plaintiff's likelihood of success on the merits.

Therefore, for the reasons stated above, plaintiff's motion for appointment of counsel (Dkt. 9) is denied without prejudice. Plaintiff may file a new motion for appointment of counsel

once the case has further developed if he is then able to demonstrate the exceptional circumstances necessary to warrant appointment of counsel.

Dated this 1st day of November, 2018.

J. Richard Creatura
United States Magistrate Judge