UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MUHAMMED TILLISY,<br><br>  Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br><br>  Defendants. | CASE NO. 3:18-cv-05695-RJB-JRC<br><br>ORDER DENYING MOTION TO<br>APPOINT COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. This matter is before the Court on plaintiff's third motion to appoint counsel. *See* Dkt. 36.

Because this Court recommends granting judgment on the pleadings as to some of plaintiff's claims, because it is too early to determine the likelihood of success on the merits for the remaining claims, and because plaintiff can adequately articulate the issues without the assistance of counsel, this Court denies plaintiff's motion for appointment of counsel without prejudice at this time.

ORDER DENYING MOTION TO APPOINT COUNSEL
- 1

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging that the Department of Corrections ("DOC") and various DOC officials violated his rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). *See* Dkt. 17.

The Court has already denied without prejudice two requests for the appointment of counsel made by plaintiff. Regarding the first motion, this Court found that it was too early to determine the likelihood of success on the merits and that deficiencies in plaintiff's complaint that this Court identified could readily be corrected. *See* Dkt. 16, at 2. Regarding the second motion, the Court found that plaintiff could adequately advocate for himself, including filing an amended complaint and requesting blank subpoenas, and that it was still far too early to find that plaintiff was likely to succeed on the merits. *See* Dkt. 30, at 2. This Court found that plaintiff's vision impairment—legal blindness—was insufficient to demonstrate the extraordinary circumstances justifying the appointment of counsel. *See* Dkt. 30, at 2–3. Plaintiff appealed the order denying his second motion to the District Court, which affirmed. *See* Dkt. 41, at 2.

This Court has now recommended granting in part and denying in part defendants' motion for partial judgment on the pleadings (*see* Dkt. 34).

## DISCUSSION

Plaintiffs proceeding under § 1983 have no constitutional right to appointed counsel. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *See id.* To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the

1 merits and [plaintiff's] ability to articulate his claims *pro se* in light of the complexity of the
2 legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.
3 1986)). A plaintiff must plead facts showing that he has an insufficient grasp of his case or the
4 legal issues involved and that he has an inadequate ability to articulate the factual basis of his
5 claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).
6 "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v.*
7 *Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Regarding the likelihood of success on the merits, this consideration continues to weigh somewhat against plaintiff, as this Court has recommended granting defendants' motion for partial judgment on the pleadings on part of plaintiff's ADA and RA claims and all of his substantive due process claim. It is too early in these proceedings to determine whether the remaining claims are likely to be successful.

As for plaintiff's ability to articulate his claims, first, plaintiff contends that he should be appointed counsel because Washington State law permits the DOC to withhold records responsive to a prisoner's Public Records Act (chapter 42.56 RCW) under the DOC's mail policy. *See Livingston v. Cedeno*, 164 Wn.2d 46, 48–49 (2008). Not only does plaintiff fail to point to any records actually withheld from him (*see* Dkt. 36-2, at 1), but plaintiff's arguments are reasons to move to compel discovery, not to appoint counsel.

Plaintiff also argues that he is unable to access the law library because of frequent lock downs at the Washington State Penitentiary, but plaintiff has been housed in this facility since at least October 2018 (*see* Dkt. 13), yet has filed numerous, well-supported motions in this Court. *See* Dkts. 19, 28, 33, 36, 37, 39, 42, 43. Thus the Court finds this argument unpersuasive.

| 1 | Plaintiff also reiterates his previous arguments in support of his motions to appoint

| 2 | counsel that the issues in this case are complex, that he has a limited knowledge of the law, and

| 3 | that he struggles to read normal-sized font. *See* Dkt. 36, at 2.  Although the Court appreciates the

| 4 | difficulty in filing pleadings with the Court generally, and the added difficulty with plaintiff's

| 5 | medical condition, that alone is insufficient at this time to demonstrate the extraordinary

| 6 | circumstances warranting the appointment of counsel.  And as defendants point out, if mere lack

| 7 | of legal training were sufficient to appoint counsel, virtually all *pro se* litigants would be

| 8 | appointed counsel.  *See* Dkt. 38, at 4.  Neither is this case unusually legally complex, such that

| 9 | counsel should be appointed.  Plaintiff claims factual complexity, including "medical issues that

| 10 | may require expert testimony," numerous future documents and depositions, and a request for a

| 11 | jury trial by the defense (*see* Dkt. 36-2, at 3–4), but at this point in the litigation, plaintiff has

| 12 | established only a need for development of further facts, which is insufficient as a reason to

| 13 | appoint counsel.  *See Wilborn*, 789 F.2d at 1331.  And that plaintiff might fare better with

| 14 | counsel is not enough—plaintiff must show that the matter is complex enough that he requires

| 15 | counsel to articulate his case.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),

| 16 | *partially overruled on other grounds*, 154 F.3d 952 (1998).  This, he has not done.

Therefore, plaintiff's motion for appointment of counsel (Dkt. 36) is denied without prejudice.  Plaintiff may file a new motion for appointment of counsel once the case has further developed if he is able to demonstrate the extraordinary circumstances necessary to warrant appointment of counsel.

Dated this 4th day of April, 2019.

*[signature]*

J. Richard Creatura
United States Magistrate Judge