UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MUHAMMED TILLISY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:18-cv-05695-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: APRIL 19, 2019 |

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.  Before the Court is defendants' motion for partial judgment on the pleadings.  Dkt. 34.

Plaintiff, who suffers from vision and hearing impairments, alleges that while he was incarcerated at various institutions, prison officials refused to provide or delayed providing him with accommodations for which he was qualified—namely, an access assistant, a hearing aid, and a pager system—and that this refusal or delay amounted to unlawful discrimination under

the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act (the "RA"), as well as a substantive due process violation.

Plaintiff's claim of lack of reasonable accommodation for his hearing impairment sufficiently alleges an inability to access services. However, regarding his vision impairment, plaintiff fails to plead sufficient facts to survive a motion for judgment on the pleadings. Further, because plaintiff's substantive due process claim should properly be brought with his Eighth Amendment claim or under the First Amendment, plaintiff does not make a cognizable claim of a substantive due process violation, either. For these reasons, the Court recommends that defendants' motion for partial judgment on the pleadings be granted in part and denied in part and that plaintiff be granted leave to amend.

## STANDARD OF REVIEW

Defendants move for partial dismissal of plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(c). A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because the motions are functionally identical, the same standard of review that is applicable to a Rule 12(b)(6) motion to dismiss applies to its Rule 12(c) analog. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

A court may grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his which that would entitle him to relief.'" *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1990)). Mere

conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

"On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff." *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 U.S. 519, 520 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) (Petitioner should be afforded the "benefit of any doubt.").

Although the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact that an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**MATERIALS FOR CONSIDERATION**

When resolving a motion to dismiss for failure to state a claim, a district court may not consider materials outside the complaint and the pleadings. *Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001); *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (same standard of review for Rule 12(b)(6) and Rule 12(c)

motions). The court may, however, consider materials properly submitted as part of the complaint. *Gumataotao*, 236 F.3d at 1083.

Plaintiff attaches to his amended complaint two DOC consultation requests/reports, a custody review form and grievance from 2018, a medical record, DOC policies, and letters from defendants Klemme and Miller in 2018. *See* Dkt. 17. Although these types of documents are not typically part of a complaint, because of the less stringent standards applied to *pro se* pleadings, and because plaintiff submitted these documents as part of the amended complaint, this Court considers these materials for purposes of making a recommendation on this motion.

## PROCEDURAL HISTORY

In August 2018, plaintiff, who is incarcerated at the Washington State Penitentiary ("WSP"), initiated this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. *See* Dkts. 1, 7, 13. After filing their answer, defendants filed the pending motion for partial judgment on the pleadings. *See* Dkt. 34. Plaintiff has filed a response (Dkt. 39), and defendants have filed a reply (Dkt. 40). Plaintiff also filed a response to defendants' reply (Dkt. 43), and defendants responded with a praecipe to correct the record regarding a misstatement in their reply brief, Dkt. 40. *See* Dkt. 44.

Plaintiff has also filed a motion for the appointment of counsel, which this Court will address in a separate order. *See* Dkt. 36.

## STATEMENT OF FACTS

Plaintiff brings claims against the Department of Corrections ("DOC") and certain DOC officials: Kevin Bovenkamp, the DOC Assistant Secretary; John Campbell, the DOC

Classification Administrator; Joiann Miller, the DOC Classification Manager; and Risa Klemme, the DOC ADA compliance manager. *See* Dkt. 17, at 1, 2, 5. Plaintiff also brings claims against the ADA coordinators of institutions where he was housed: Michael Hathaway at the Monroe Correctional Complex ("MCC"), Karen Forss at the WSP, and Kaci Price at the Clallum Bay Corrections Center ("CBCC"). *See* Dkt. 17, at 2, 5. Plaintiff was housed at MCC, WSP, or CBCC between February 2016 and September 2018. *See* Dkt. 17, at 7, 10. He was transferred from CBCC to WSP around September 2018. *See* Dkt. 17, at 10.

Plaintiff alleges that he suffers from severe vision and hearing impairments and that because of brain surgeries, his skull is weak enough that a blow to his head could be fatal. *See* Dkt. 17, at 4, 6. He also alleges that the DOC has programs for which he is eligible because of his vision and hearing impairments. First, he alleges that he qualifies for an "'access assistant,' which is a program available in DOC for other offenders to be assigned a job to assist disabled inmates to ensure call-outs are read, ensure they arrive at call-outs for medical treatment, and any other 'signed up' activities" such as "law library and guidance to kitchen(s) where food is served." Dkt. 17, at 3. He also alleges that he qualifies for a hearing aid and pager system. *See* Dkt. 17, at 3.

Regarding his vision and hearing impairments, plaintiff alleges that he has been "denied ADA [accommodations] since" 2016. *See* Dkt. 17, at 3. He alleges that defendants waited over two years to provide him with a hearing aid and that defendant Klemme, the DOC official responsible for ADA compliance, failed to ensure that he received a pager system and access assistant beginning in February 2016. *See* Dkt. 17, at 3, 7. More generally, he claims that certain DOC officials—defendants Bovenkamp, Campbell, and Miller—were all aware of his requests for accommodations, yet failed to intervene. *See* Dkt. 17, at 8–9. And he claims—

without further explanation—that defendant Klemme denied him a hearing aid until June 2018, even though he initially requested a hearing aid in 2016. *See* Dkt. 17, at 3. In addition, plaintiff alleges that from 2016 to 2018, the ADA coordinators of the institutions where he was housed failed to provide him with an access assistant and a pager system. *See* Dkt. 17, at 5, 7.

In September 2018, plaintiff claims that defendant Price agreed to transfer him from CBCC to an institution with a pager system, yet defendants Klemme, Miller, and Campbell refused to honor this agreement and instead transferred plaintiff to WSP, where he was assigned to "close custody." *See* Dkt. 17, at 8–13. He acknowledges that he was demoted to close custody because of his history of infractions, but he claims that his impairments should have justified a custody override. *See* Dkt. 17, at 12.

Plaintiff alleges that "without the pager system, [he] is unable to hear [the] intercom system in order to go to 'constitutionally protected' activities such as medical treatment, kitchen[,] or call for meal, recreation, law library[,] etc." Dkt. 17, at 3. He also asserts that he "is unable to hear intercom to go to 'call-outs' and mainline to 'eat' due [to] hearing impairments in both [e]ars." *See* Dkt. 17, at 13–14.

Regarding his skull weakness and placement in close custody, plaintiff also claims that he cannot be placed where violence is likely and he is unable to see well enough to protect himself. *See* Dkt. 17, at 6, 8. He claims that defendants Campbell and Miller—officials in charge of classification—were deliberately indifferent to his needs and that the DOC had a policy to place offenders in "medical infirmy [sic]" as needed to address such risks. *See* Dkt. 17, at 6, 8.

Plaintiff brings constitutional claims of cruel and unusual punishment and due process violations; he also alleges violation of the ADA and RA. *See* Dkt. 17, at 4. He requests actual

and punitive monetary damages of $300,000 and placement in facilities that can accommodate his impairments. *See* Dkt. 17, at 4.

## DISCUSSION

### I. ADA/Rehabilitation Act Claims

The ADA, 42 U.S.C. §§ 12131–34, and the RA, 29 U.S.C. § 794, apply in the prison context. *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010). "'The [RA] is materially identical to and the model for the ADA, except that it is limited to programs that receive federal financial assistance[.]'" *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 908 (9th Cir. 2013) (quoting *Armstrong v. Davis*, 275 F.3d 849, 862 n.17 (9th Cir. 2001), *abrogated on other grounds*, *Johnson v. California*, 543 U.S. 499, 504–05 (2005)).

To state a claim for discrimination under title II of the ADA, a plaintiff must allege that,

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (internal quotation omitted)). Similarly, under the RA, a plaintiff must allege that "'(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.'" *Id.* (quoting *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001)). Both the ADA and RA require a public entity to make reasonable accommodations. *See* 20 C.F.R. § 35.130(b)(7)(i); 28 C.F.R. § 41.53.

1    Defendants do not argue that plaintiff is not disabled or otherwise qualified under the
2 ADA, or that the institutions did not receive federal financial assistance. Defendants assert that
3 plaintiff has failed to plead any facts that show that he was denied access to any particular
4 service, program, or activity or that any denial of access or discrimination was because of his
5 disability. *See* Dkt. 34, at 4.

6              *A. Denial of Access to a Service, Program, or Benefit by Reason of Disability*

7    Defendants argue that plaintiff has failed to sufficiently allege any facts to support that he
8 was denied a service, program, or benefit by reason of his disability. *See* Dkt. 34, at 4. To the
9 contrary, at least regarding his hearing impairment, plaintiff alleged in his amended complaint
10 that he "is unable to hear intercom to go to 'call outs' and mainline to 'eat' due [to] hearing
11 impairments in both [e]ars." Dkt. 17, at 13–14. He also alleged that "without the pager system,
12 plaintiff is unable to hear [the] intercom system in order to go to 'constitutionally protected'
13 activities such as medical treatment, kitchen or call for meal, recreation, law library, etc." Dkt.
14 17, at 3. Although the general allegation that plaintiff was excluded from "constitutionally
15 protected" activities is a legal allegation cast in the form of a factual allegation, and hence
16 insufficient (*see Sprewell*, 266 F.3d at 988), plaintiff sufficiently pleads that he was excluded
17 from medical treatment, kitchen/meal calls, recreation, and the law library because he could not
18 hear the intercom system.

19    Regarding his vision impairment, however, plaintiff's allegations merely recite that he
20 was excluded from activities on the basis of vision impairment, without more. *See Ashcroft v.*
21 *Iqbal*, 556 U.S. 662, 678 (2009). For instance, plaintiff asserts that he "can[ ]not be excluded
22 from activities other offenders are able to participate [in] th[rough] [a] 'sign up' process"—a
23 conclusory allegation that is not entitled to the assumption of truth. *See id.* at 679; Dkt. 17, at 3.
24

REPORT AND RECOMMENDATION - 8

He did not adequately plead what activities he was allegedly excluded from. Thus this Court analyzes only plaintiff's adequately pleaded claims that his hearing impairment prevented him from attending some meals and activities of recreation, medical treatment, and using the law library.

*B. "Reasonable" Accommodations*

Defendants argue that plaintiff has not shown that he was entitled to the accommodation of his choice nor that the accommodations that they provided were not reasonable. *See* Dkt. 34, at 4.

The ADA does not guarantee access to any particular type of accommodation—it protects from exclusion from services, programs, and activities on the basis of disability. *See McElwee v. Cty. of Orange*, 700 F.3d 635, 641 (2d Cir. 2012) ("Although a public entity must make 'reasonable accommodations,' it does not have to provide a disabled individual with every accommodation he requests or the accommodation of his choice."). What matters for ADA purposes is not whether the accommodation is the specific accommodation chosen by plaintiff, but whether the accommodation provided is "reasonable." *See Alexander v. Choate*, 469 U.S. 287, 300 (1985); *accord Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 189 (2d Cir. 2015) (A reasonable accommodation need not be perfect or the one more strongly preferred.). Where a plaintiff brings a failure-to-provide-reasonable-accommodations claim, plaintiff bears the burden of showing that the accommodations offered to him "were not reasonable[.]" *Duval*, 260 F.3d at 1137.

Although defendants may be correct that a plaintiff is not entitled to the accommodation of his choice, the touchstone of this issue is whether the accommodation that was provided was "reasonable." Plaintiff alleges that he was not even provided with a hearing aid until over two

years after his request. *See* Dkt. 17, at 3. This allegation sufficiently raises the issue of failure to provide a reasonable accommodation to survive judgment on the pleadings.

Moreover, plaintiff alleges that he was unable to participate in certain activities because he could not hear the intercom without the pager system. *See* Dkt. 17, at 3. Of course, an accommodation may not be reasonable if it did nothing to remedy plaintiff's inability to participate because of disability. *See Dean*, 804 F.3d at 189 ("The hallmark of a reasonable accommodation is effectiveness." (citing *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002))). The Court finds that plaintiff's allegations sufficiently raise the issue of whether even with the hearing impairment-related accommodations provided, plaintiff could not participate in certain activities.

Although defendants may rebut a plaintiff's showing that an accommodation was not reasonable (*see, e.g.*, *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008)), such is a factual issue and not a question to be decided on a motion for judgment on the pleadings. *See id.* (The question of reasonableness "always requires a fact-specific, contact-specific inquiry."). To the extent that defendants argue that because plaintiff was "advised . . . to contact the ADA coordinator at his facility to discuss additional accommodations with her" and that plaintiff's inability to reside at an institution was because of his own history of infractions, this at most raises a factual issue on this point.[1] *See* Dkt. 40, at 3.

---

[1] In their reply brief in support of their motion, defendants assert—without support—that "correctional officers and other staff members" in plaintiff's unit can ensure that he does not miss activities. Dkt. 40, at 3. To the extent that defendant argues for summary adjudication on the basis of this "evidence," the Court declines to consider the statement, as it is a mere unsupported, conclusory allegation. *See United States v. Allan*, 578 F.2d 236, 237 (9th Cir. 1978). This does not convert this matter into a summary judgment proceeding.

## II. Substantive Due Process

Plaintiff clarifies in his response to defendants' motion for partial judgment on the pleadings that he brings a substantive—rather than procedural—due process claim. *See* Dkt. 39, at 10 & n.3. Defendants argue that judgment on the pleadings is appropriate because plaintiff has failed to link his substantive due process claim to any particular constitutional right or to plead facts that would support that their actions would "shock the conscience." Dkt. 40, at 4.

The Fourteenth Amendment guarantees against state deprivations of "life, liberty, or property without due process of law." U.S. Const. amend XIV, § 1. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "'As a threshold matter, to establish a substantive due process claim a plaintiff must show a government deprivation of life, liberty, or property.'" *Id.* (quoting *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 948 (9th Cir. 2004) (internal citation omitted)).

Plaintiff bases his substantive due process claim on various DOC officials' failures to provide him with access assistance and a pager system for his visual and hearing impairments. *See* Dkt. 17, at 9; Dkt. 39, at 12–15. As discussed above, plaintiff's amended complaint alleges that he misses activities of medical treatment, meal times, going to the law library, and recreation because of the lack of a pager system and access assistant. *See* Dkt. 17, at 3, 13–14. He also alleges that an official had, in fact, granted his request for a transfer to a facility with a pager system despite his history of infractions but that due process was violated when that decision was ignored. *See* Dkt. 17, at 9, 13.

Defendants argue that plaintiff has no particular right to be housed at a specific facility or to receive a particular accommodation. *See* Dkt. 40, at 4. But plaintiff's claim is rooted in the

1    alleged deprivation of the ability to participate in activities including accessing the law library
2    and going to meals.  The Court therefore disagrees with defendants that plaintiff's arguments
3    implicate no constitutional rights.

4    Not receiving meals or appropriate medical treatment are claims brought under the Eighth
5    Amendment.  *See, e.g.*, *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated*
6    *in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  Our Supreme Court has
7    instructed that "'[w]here a particular Amendment provides an explicit textual source of
8    constitutional protection against a particular sort of government behavior, that Amendment, not
9    the more generalized notion of substantive due process, must be the guide for analyzing these
10   claims.'"  *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (quoting *Albright v. Oliver*,
11   510 U.S. 266, 273 (1994) (plurality opinion) (internal quotation omitted)).  Plaintiff's amended
12   complaint includes an overlapping claim of an Eighth Amendment violation.  *See* Dkt. 17, at 3.
13   As such, to the extent that plaintiff's claim falls under the Eighth Amendment, he cannot rely on
14   substantive due process as a means of redress.

15   Similarly, plaintiff's ability to access the law library is grounded in his First Amendment
16   right to access the courts.  *See Philips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).  Moreover, to
17   succeed on such a claim, plaintiff would have to plead more than just theoretical injury, but show
18   some actual injury that resulted.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Thus plaintiff
19   also fails to make out a colorable claim of denial of access.

20   Plaintiff makes much of the decision to transfer him to WSP (an institution without a
21   paging system), apparently arguing that this was an arbitrary or conscience-shocking decision in
22   light of a recommendation that due to his impairments, "he be placed somewhere with a paging
23   system[.]"  *See* Dkt. 17, at 18; *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992) (A
24

1  substantive due process violation requires action that "can properly be characterized as arbitrary,
2  or conscience shocking, in a constitutional sense."). Plaintiff characterizes this recommendation
3  as a final decision to transfer him to such an institution. *See* Dkt. 17, at 9. However, the
4  recommendation, which is included in the attachments to plaintiff's complaint, deferred to DOC
5  headquarters for "appropriate placement options," and it appears that a subsequent corrections
6  specialist declined to override plaintiff's close custody determination. *See* Dkt. 17, at 18–19, 21.
7  Plaintiff's amended complaint includes letters from DOC officials explaining that his record of
8  infractions effectively prevented him from being housed in a facility with the pager system. *See*
9  Dkt. 17, at 26–27.

10  Of note, to override plaintiff's classification on a medical basis, plaintiff's "medical
11  needs" had to "exceed the health care resources available at a less restrictive custody level." *See*
12  Dkt. 17, at 28. To the extent that this supports that the DOC should have promoted plaintiff's
13  custody level so that he could be housed in a facility with a pager system, again, plaintiff's
14  amended complaint fails to sufficiently allege that the available health care resources offered to
15  him—a hearing aid and glasses—were insufficient. Plaintiff fails to plead facts that amount to
16  arbitrary or "conscience-shocking" behavior.

17

18     **III. Leave To Amend Complaint**

19  Based on the complaint currently before the Court, defendants are entitled to have their
20  motion for partial judgment on the pleadings granted as to plaintiff's claim regarding
21  discrimination under the ADA and RA on the basis of vision impairment and his claim of a
22  substantive due process violation. However, the Ninth Circuit has established that pro se
23  litigants bringing civil rights actions must be given an opportunity to amend their complaints to
24

1 overcome deficiencies unless it is clear that such deficiencies cannot be overcome by
2 amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  Plaintiff may be able to
3 overcome the deficiencies of his pleading if he is given an opportunity to amend his claims.
4 Therefore, the Court recommends that plaintiff be allowed to amend his complaint regarding his
5 claims of (1) discrimination under the ADA and RA regarding his vision impairment and (2)
6 substantive due process violations.

### IV.  Stay of Discovery

Defendants request that discovery be stayed until a final ruling on the motion for partial judgment on the pleadings.  *See* Dkt. 34, at 5.  Plaintiff responds that discovery is appropriate to show whether "such a claim has been stated or not."  Dkt. 39, at 17.

This Court has the inherent discretionary power to stay proceedings.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  Because the Court recommends that plaintiff's due process claims and some of his ADA and RA claims be dismissed with leave to amend, the Court will grant defendants' request to stay the proceedings, at least until the district court has determined whether to adopt this Report.  The stay shall be lifted when the district court has ruled on this Report.

### CONCLUSION

For the reasons set forth above, the Court recommends granting in part and denying in part defendants' motion for partial judgment on the pleadings.  Plaintiff's claims that he was discriminated against under the ADA and RA because of his vision impairment and that substantive due process was violated should be dismissed with leave to amend.  The Court

1 recommends that any amended complaint be filed by a date set by the District Court. Discovery

2 shall be stayed until the District Court has rule on this Report.

3 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4 fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P.

5 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

6 *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the

7 Clerk is directed to set the matter for consideration on **April 19, 2019** as noted in the caption.

8 Dated this 4th day of April, 2019.

J. Richard Creatura
United States Magistrate Judge