UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Muhammed Tillisy,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Washington State Department of<br>Corrections et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:18-cv-05695-RJB-JRC<br><br>ORDER |

Plaintiff Muhammed Tillisy, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Before the Court are two motions filed by plaintiff: (1) motion to compel (Dkt. 62) and motion for extension (Dkt. 64).

The Court denies plaintiff's motion to compel because plaintiff failed to certify that he conferred or attempted to confer with defendants' counsel prior to filing the motion. The Court grants plaintiff's motion for extension and his response to defendants' motion for summary judgment (Dkt. 49) shall be filed on or before October 21, 2019.

### A. Motion to Compel (Dkt. 62)

Plaintiff requests that the Court compel defendants to produce certain documents. Dkt. 62. Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Here, plaintiff does not state that he conferred with defendants' counsel and he failed to provide certification that he conferred with defendants' counsel prior to filing his motion to compel. *See* Dkt. 62. According to the declaration of defense counsel, Michelle Young, plaintiff has not attempted to schedule a meeting or telephone conference with counsel to discuss his objections to the discovery requests. Dkt. 68 at ¶ 4.

Therefore, the Court finds that plaintiff has failed to comply with Fed. R. Civ. P. 37(a)(1). Accordingly, the motion to compel (Dkt. 62) is denied without prejudice.

### B. Motion for Extension (Dkt. 64)

Plaintiff seeks an additional sixty days to respond to defendants' motion for summary judgment (Dkt. 49).[1] Dkt. 62. Plaintiff's response was due August 21, 2019. *See* Dkt. 49. Defendants do not oppose plaintiff's request for an extension. Dkt. 73. Accordingly, the Court finds that a sixty-day extension is reasonable. Plaintiff's deadline to respond to defendants' motion for summary judgment is **extended to October 21, 2019.** Defendants' reply, if any, is due on or before October 25, 2019. The Clerk is directed to re-note defendants' motion for summary judgment (Dkt. 49) for October 25, 2019.

---

[1] In his reply, plaintiff withdraws his request for a stay. Dkts. 64, 73.

The Court also notes that in his motion for extension filed on August 8, 2019, plaintiff states that he did not receive a copy of defendants' motion for summary judgment, which was filed on August 2, 2019. Dkt. 64; *see also* Dkt. 49. Plaintiff filed a notice of non-receipt of defendants' motion for summary judgment and a letter indicating the same. Dkts. 65, 66. On August 16, 2019, the Clerk's Office re-sent plaintiff a copy of defendants' motion for summary judgment. *See* Dkt. 49 (modified on August 16, 2019); Dkt. 66 (noting defendants' motion for summary judgment (Dkt. 49) was regenerated on August 16, 2019 for noticing purposes to plaintiff). It appears that plaintiff is now in possession of defendants' motion for summary judgment (Dkt. 49). If he is not, plaintiff may re-file a notice of non-receipt and the Clerk's Office will again regenerate the filing and send to plaintiff.

Dated this 3rd day of September, 2019.

J. Richard Creatura
United States Magistrate Judge