UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MUHAMMED TILLISY,<br><br>               Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>               Defendants. | CASE NO. 3:18-cv-05695 RJB-JRC<br><br>ORDER DENYING MOTION TO COMPEL AND GRANTING IN PART MOTION FOR AN EXTENSION |

This matter is before the Court on plaintiff's motion to compel and for an extension of the time in which to respond to summary judgment. *See* Dkt. 78. Because plaintiff's request for production of documents is moot, his motion to compel is denied. His motion for an extension is granted, although the noting date for the summary judgment motion is extended by 30, rather than 60, days.

///

///

///

///

ORDER DENYING MOTION TO COMPEL AND
GRANTING IN PART MOTION FOR AN EXTENSION
- 1

## BACKGROUND

Defendants filed a summary judgment motion in August 2019. *See* Dkt. 49. On August 8, plaintiff requested an extension, stating, among other things, that he would be without his property during a transfer between institutions. *See* Dkt. 64, at 1; Dkt. 73, at 1.

The Court granted plaintiff's request for an extension and re-noted the summary judgment motion for October 25, 2019. *See* Dkt. 75. On September 23, plaintiff again requested an extension. *See* Dkt. 78. In his second extension request, plaintiff states that he received "the remainder of his property" on September 11, 2019. *See* Dkt. 78, at 1; *see also* Dkt. 64. Plaintiff further states that he has been unable to obtain discovery from defendants, who he claims have been delaying responding to his requests. Dkt. 78, at 2.

Plaintiff also filed a motion to compel production of documents—specifically, "complete medical record[s]," "complete central file," "all kiosk messages," "emails pertaining to Tillisy. M . . . for medical/ADA/dis[ci]plenary," "complete unredacted investigation report pertaining to WAC 60.605.740," and "records regarding prohibited placement due to above said investigation." *See* Dkt. 77, at 1–2. In a September 20, 2019 affidavit, plaintiff states that he requested a discovery conference with defense counsel but that she failed to participate in two scheduled conference calls, "with no date [re]scheduled." Dkt. 77, at 9. Plaintiff alleges that this "is a delay tactic[.]" Dkt. 77, at 10.

Defendants did not respond to the extension motion. *See* Dkt. In response to the motion to compel, defense counsel states that she was unable to attend the scheduled conferences because she was ill and that after plaintiff wrote his affidavit, she rescheduled. *See* Dkt. 82, at 2. She states that she met with plaintiff and discussed resolution of discovery issues on September

26, 2019. Dkt. 82, at 2. Defendants accordingly request that the Court deny as premature plaintiff's motion to compel. *See* Dkt. 81.

Plaintiff has not filed a reply in support of his motion to compel. *See* Dkt. The motion to compel and motion for an extension are ripe for consideration.

# DISCUSSION

## I. Motion to Compel

As set forth above, plaintiff filed his motion to compel—which was based on his claim that defense counsel had obfuscated his attempts to meet and confer—on September 23, 2019 and relied on his affidavit about events leading up to September 20, 2019. *See* Dkt. 77. However, defendants' response included defense counsel's declaration that she discussed discovery issues with plaintiff on September 26, 2019. *See* Dkt. 82. Attached to defense counsel's declaration is a letter in which she memorializes the meeting, states that she will provide a total of 100 pages of documents free of charge to plaintiff and a list of documents for plaintiff to choose from, and requesting that upon receipt of the list, plaintiff identify which documents he wishes to receive. *See* Dkt. 82-1, at 5.

As such, the Court finds that plaintiff's request for production of documents is moot. The Court therefore denies the motion to compel.

## II. Motion for an Extension

Plaintiff's request for a 60-day extension—"or [whatever] amount of time [is] deemed appropriate by the Court"—to respond to summary judgment is based on his claim that defendants refused to produce certain documents. *See* Dkt. 28, at 1. As noted above, the parties

1  since met regarding the issue, which is now moot.  Therefore, the undersigned finds good cause

2  for an extension of 30 days, only.

### III. Conclusion and Directions to the Clerk

Plaintiff's motion for an extension (Dkt. 78) is granted in part; plaintiff's motion to compel (Dkt. 77) is denied.  The motion for summary judgment (Dkt. 49) is renoted to **November 22, 2019**, and plaintiff's response is due on or before **November 18, 2019**.

Dated this 22nd day of October, 2019.

J. Richard Creatura
United States Magistrate Judge