UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MUHAMMED TILLISY,

            Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS,

            Defendant.

CASE NO. 3:18-cv-05695 RJB-JRC

ORDER DENYING WITHOUT
PREJUDICE MOTION TO
APPOINT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate

Judge J. Richard Creatura. This matter is before the Court on plaintiff's fourth motion for the

appointment of counsel. *See* Dkt. 76.

Plaintiff alleges that his vision impairment prevents him from litigating his case, but

plaintiff has adequately litigated this matter so far and has not demonstrated a likelihood of

success on the merits. Therefore, having carefully considered plaintiff's arguments and the

balance of the record, the Court finds that plaintiff has not established the exceptional

circumstances justifying the appointment of counsel at this time.

**BACKGROUND**

Plaintiff, who is incarcerated and proceeds *in forma pauperis*, brings this matter under 42 U.S.C. § 1983. *See* Dkts. 7, 8. Plaintiff has requested the appointment of counsel three times in this matter. The Court denied plaintiff's first motion on the basis that plaintiff could articulate his claims adequately and that it was extremely early in the case, as defendants had not yet been served, so that plaintiff could not establish a likelihood of success on the merits. *See* Dkt. 16, at 2. The Court denied plaintiff's second motion, which he filed after the Court directed service of his complaint, for largely the same reasons and also noting that plaintiff's difficulty reading normal-sized font did not demonstrate the extraordinary circumstances necessary to justify appointing counsel. *See* Dkt. 30, at 2–3.

The Court denied plaintiff's third motion, filed after defendants requested partial judgment on the pleadings, for many of the same reasons noted in the first two rulings. *See* Dkt. 45, at 3. In addition, the Court noted that plaintiff had filed numerous, well-supported motions despite being housed at an institution where he alleged that he was unable to access the law library and that plaintiff was unable to show that the matter was complex enough that he required counsel to articulate his case. *See* Dkt. 45, at 4.

The Court granted defendants' motion for partial judgment on the pleadings regarding plaintiff's claims for discrimination under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") on the basis of his vision impairment, as well as plaintiff's claim for a substantive due process violation. *See* Dkt. 46, at 13. However, plaintiff's ADA and RA claims arising from his hearing impairment survived defendants' motion, as well as his Eighth Amendment claims, which defendants did not move to have dismissed. *See* Dkt. 46.

Defendants now move for summary judgment dismissal of plaintiff's remaining claims. *See* Dkt. 49, at 23. Plaintiff has not yet filed his response and brings the pending motion for appointment of counsel. *See* Dkt. 76.

**DISCUSSION**

Plaintiff argues that he has established the exceptional circumstances for the appointment of counsel based on his legal blindness rendering him unable to read and write small print and because some of his claims have survived the motion for partial judgment on the pleadings. *See* Dkt. 76, at 2. Defendants oppose the request on the basis that plaintiff's visual impairment alone is inadequate to show exceptional circumstances, that he has adequately been able to articulate his claims and prosecute his case, and that he may receive legal assistance at his place of incarceration. *See* Dkt. 79, at 2–3.

Plaintiffs proceeding under § 1983 have no constitutional right to appointed counsel. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *See id.* To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits and [plaintiff's] ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these considerations is dispositive and instead [both] must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Regarding the likelihood of success on the merits, plaintiff argues that the case has proceeded to a later stage (*see* Dkt. 76, at 1) and that he has prevailed against defendants' partial

motion for judgment on the pleadings.  *See* Dkt. 76, at 3.  However, as the Court has previously

ruled, that some of plaintiff's claims survive the motion for partial judgment on the pleadings

does not weigh in favor of a likelihood of success on the merits.  *See* Dkt. 45, at 3.  Most of

plaintiff's claims were either not challenged or were dismissed.  That defendants have filed a

summary judgment motion does not mean that the case has now proceeded to a stage where a

likelihood of success on the merits is apparent.

Regarding plaintiff's ability to articulate his claims, plaintiff's primary argument is that

his legal blindness impairs his ability to litigate his case.  *See* Dkt. 76, at 1.  Plaintiff states that

he "cannot read and write small print." Dkt. 76, at 1.  Throughout this litigation, plaintiff has

represented that his vision is severely impaired.  *See* Dkt. 9-1, at 2 (stating that "it is extremely if

not impossible [sic] for me at times to read & write print"); Dkt. 19, at 5 (stating that plaintiff is

severely impaired visually and is at times "unable to completely read documents"); Dkt. 36, at 2

(stating that plaintiff's condition "makes it difficult for plaintiff to read normal-sized font").

Nonetheless, as the Court has previously observed, plaintiff has been able to capably litigate his

case, including, recently, obtaining subpoena forms from the Court, obtaining several extensions

to respond to the summary judgment motion, and filing multiple coherent motions, including

legal argument and citations to relevant authority.  *See, e.g.*, Dkts. 64, 78, 83, 84.

Plaintiff asserts that (1) it is against DOC policy for him to compensate other inmates for

legal work, hindering him from obtaining other inmates' assistance in preparing motions and

pleadings (*see* Dkt. 80, at 1), (2) inmate law clerks are not allowed to assist him (Dkt. 80, at 2),

and (3) the ADA coordinator and contract attorneys will not assist him as he is suing their

employer, DOC.  Dkt. 80, at 2–4.  Nevertheless, despite these limitations—which appear to have

existed throughout the litigation—plaintiff has consistently been able to articulate and advance

his lawsuit. Plaintiff does not state that any of these factors have changed throughout the litigation, now making him unable to litigate his case.

The Court has examined plaintiff's authority and finds that it does not require a different outcome at this stage. Plaintiff's authority is not binding on this Court and is based on distinct factual circumstances—namely, that plaintiffs in the cited cases were unable to litigate their cases without the assistance of counsel.

Again, the Court is sensitive to the difficulty of litigating this case as an incarcerated individual with a vision impairment. However, the Court does not find that there is a likelihood of success on the merits at this time, nor has plaintiff's impairment prevented him from adequately litigating this case, so far. Thus the Court will not grant plaintiff's motion for the appointment of counsel at this time. *See* Dkt. 76. Plaintiff may file a new motion for appointment of counsel when the case has meaningfully progressed and if he is able to demonstrate the extraordinary circumstances necessary for the appointment of counsel.

Dated this 5th day of November, 2019.


J. Richard Creatura
United States Magistrate Judge