UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MUHAMMED TILLISY,

        Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS, *et al.*,

        Defendants.

CASE NO. 3:18-cv-05695-RJB-JRC

ORDER ON MISCELLANEOUS MOTIONS

This matter is before the Court on plaintiff's motions to compel (Dkt. 92), to resend electronic copies of documents (Dkt. 103), to reconsider granting his motion for an extension in part (Dkt. 105), to appoint counsel (Dkt. 106), and to stay. Dkt. 108. Plaintiff's motion to compel, for reconsideration, and to appoint counsel are denied. His motions to resend documents and to stay are granted, as set forth herein.

**I. Motion to Compel**

Plaintiff requests that the Court compel the production of various documents. *See* Dkt. 92. Defendants oppose plaintiff's request. *See* Dkt. 98.

1 First, plaintiff states that he has had a conference call with and letters from defendants "promising production" but that defendants have refused to provide more than 25 pages, double-sided, without charge. *See* Dkt. 92, at 1. Further, he asserts that the list of documents that defendants offered for him to select from does not provide adequate information for him to discern which he emails he wishes to receive. Dkt. 104, at 3. Plaintiff states that defendants refuse to provide the law librarian with a CD containing electronic versions of the records, although they have offered to have the discovery sent to plaintiff's family "and have them print them out[.]" Dkt. 92, at 2. He asserts that he is unable to make copies of documents that are available for him to view at his institution. *See* Dkt. 104, at 1.

To the extent that plaintiff requests that defendants provide documents free of charge, the Court will not grant plaintiff's request. Nothing in Federal Rule of Civil Procedure 34 requires that defendants incur expenses or provide copies—they need only provide the opportunity to examine the materials. Here, defendants have offered to send a CD to third persons and to provide at least 25 pages of free copies. They are not obligated to do more. Although plaintiff asserts that the list of documents does not allow him to discern which documents to request from his 25 pages, plaintiff does not show that the offer to send a CD to third persons is inadequate.

Second, plaintiff appears to complain of defendants' refusal to send a confidential investigative report and issues related to his legal work, which he claims has been withheld because he is in segregation. *See* Dkt. 92, at 2; Dkt. 98, at 3. Defendants assert that plaintiff has not requested a meeting or telephone call regarding discovery since September 2019. *See* Dkt. 99, at 1. At the September conference, defendants agreed to provide 25 pages of discovery free of charge but reserved the issue of the confidential reports until defendant's attorney had reviewed the reports. Dkt. 82-1, at 5.

As plaintiff is aware, the Court will not grant a motion to compel production unless the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure in an effort to obtain the discovery without court action. *See* Fed. R. Civ. P. 37(a)(1). Plaintiff relies upon his letters to defense counsel—letters that address the refusal to provide more than 25 pages free of charge and that do not address his request for the investigation report or concerns about his legal work. *See* Dkt. 104, at 6–7. Because plaintiff has not included sufficient materials in his motion to compel to show that he has satisfied the meet and confer requirement related to these issues, the Court also denies his motion to compel production of the confidential report and insofar as he requests Court intervention in a dispute over his legal work.

## II. Request for "E-Files"

Plaintiff requests that the Court "resend" electronic files for Dockets 49 to 61. *See* Dkt. 103, at 1. Plaintiff asserts that prison officials have been unable to locate these documents, which comprise a summary judgment motion and various supporting documents. *See* Dkts. 49–61. Defendants do not object to the request.

The Court will grant plaintiff's request, and the Clerk's Office is directed to re-generate these documents so that they are re-sent to plaintiff.

## III. Motion for Counsel

Plaintiff renews his request for the appointment of *pro bono* counsel to represent him. *See* Dkt. 106. Defendants object to his request. *See* Dkt. 107.

Plaintiff has requested the appointment of counsel in this matter on four prior occasions, most recently after defendants filed a pending motion for summary judgment. *See* Dkts. 49, 76. This Court found no apparent likelihood of success on the merits—although some of plaintiff's

claims had survived a motion for partial judgment on the pleadings, most of plaintiff's claims were not challenged or were dismissed. *See* Dkt. 86, at 4. Moreover, plaintiff had adequately litigated his case and appeared able to articulate his claims. *See* Dkt. 86, at 4. The Court allowed plaintiff to file a new motion for appointment of counsel "when the case has meaningfully progressed. . . ." Dkt. 86, at 5. That is not yet the case.

Plaintiff reasserts his arguments in support of his motion to appoint counsel, now arguing that it is an "emergency" and that the court is "tramp[l]ing on the First Amendment Right to Access of Courts." Dkt. 106, at 2. To the extent that he addresses the Court's previous direction that the motion requires a showing that the case has meaningfully progressed, plaintiff argues that he will have another medical procedure in the near future and provides a doctor's assessment that plaintiff's brain shunt "may be obstructed" and requesting re-evaluation of plaintiff's vision and a study to determine whether his brain shunt is obstructed. Dkt. 106, at 7. The Court is sensitive to plaintiff's health issues and delays caused by transfers. However, the Court finds that these are appropriate reasons to extend plaintiff's time for responding to the summary judgment motion and not, where no likelihood of success on the merits is apparent and the summary judgment motion has not yet been decided, reasons to appoint counsel at this time.

The Court has reviewed plaintiff's cited authority—which is not binding on this Court—but it is not to the contrary. The cases cited by plaintiff either involve different standards for appointment of counsel (*see Mazariegos v. Monmouth Cty. Corr. Inst.*, No. 12-5626 (FLW), 2014 WL 1266659, at *10 (D.N.J. March 25, 2014)) or different circumstances. *See* Dkt. 25, No. 3:15-cv-00154-KRG-CRE, *Holland v. Luther* (W.D. Penn. Sept. 16, 2015) (government did not oppose appointing counsel in light of plaintiff's inability to read due to his vision); *Perez v. Arnone*, No. 3:12-cv-1591 (VLB), 2015 WL 12979148, at *5 (D. Conn. March 26, 2015)

(appointing counsel after denying summary judgment motion). The Court also declines plaintiff's invitation to appoint counsel to determine whether there is a likelihood of success.

### IV. Motions for Reconsideration and to Stay

Plaintiff requests that the Court "hold all proceedings in abeyance" while he is transferred between institutions. *See* Dkt. 108. Plaintiff requests even more time to respond to defendants' summary judgment motion, on the basis that he is being transferred to a county jail, where he may not have access to legal work, and that afterward, he "may receive medical treatment." *See* Dkt. 108, at 2. Defendants do not oppose this request. *See* Dkt. The Court will grant plaintiff's motion for an extension of time to respond to summary judgment. The motion for reconsideration is therefore moot. *See* Dkt. 105.

### INSTRUCTIONS TO PLAINTIFF AND THE CLERK

Plaintiff's motion to compel (Dkt. 92), motion for reconsideration (Dkt. 105) and motion for counsel (Dkt. 106) are denied. Plaintiff's motion to stay (Dkt. 108) is granted, and the summary judgment motion (Dkt. 49) shall be renoted for consideration on April 10, 2020. Plaintiff shall file his response on or before April 6, 2020. Plaintiff's motion for documents (Dkt. 103) is granted, and the Clerk's Office shall regenerate notice to plaintiff for Dockets 49 through 61.

Dated this 4th day of March, 2020.

J. Richard Creatura
United States Magistrate Judge